**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VOLKSWAGEN GROUP OF AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> MYSTERY LCC, et al., <br><br> Defendants. | Case No. 21-cv-04705 <br><br> **Judge Robert W. Gettleman** <br><br> **Magistrate Judge Susan E. Cox** |

**PLAINTIFF'S MOTION TO STAY DEFENDANT'S MOTION TO SET ASIDE
DEFAULT JUDGMENT [53] AND MOTION TO DISMISS [54]
AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**

Plaintiff Volkswagen Group of America, Inc. ("Plaintiff"), by its counsel, moves this Honorable Court to stay defendant huge_source's ("Defendant") Motion to Set Aside Default Judgment and Incorporated Memorandum of Law [53] and Motion to Dismiss [54] ("Defendant's Motions"), to conduct jurisdictional discovery.

Defendant set up and operated an eBay e-commerce store that targeted United States consumers by offering shipping to the United States, including Illinois, accepting payment in U.S. dollars, and shipping infringing products to residents of Illinois. [1] at ¶ 2; [14] at ¶ 14, attached hereto as Exhibit 1; [53-1] at ¶ 19. As such, this Court properly exercised personal jurisdiction[1] over Defendant and Defendant's Motions should be denied. S*ee Ouyeinc Ltd. v. Alucy, et al.*, No. 20-cv-3490 (N.D. Ill. June 25, 2021) (Gettleman, J.) (unpublished)[2] ("[c]ourts within this district routinely follow *Curry* and exercise personal jurisdiction over international e-commerce store operators, specifically eBay storefronts) (citing *Curry v. Revolution Labs., LLC,*

---

[1] Defendant was also properly served via email on October 1, 2021 [34] pursuant to this Court's Order [23].

[2] Copies of unpublished decisions are attached hereto as Exhibit 2.

949 F.3d 385, 392-93 (7th Cir. 2020)); *see also Tommy Hilfiger Licensing LLC et. al. v. The P'ships, et al.*, No. 20-cv-7477 (N.D. Ill. March 24, 2021) (Dkt. No. 46) (unpublished) (same). Plaintiff submits that Defendant's Motion, which is supported only by self-serving statements in the Declaration of Mulling Leng [53-1] ("Leng Declaration") does not meet Defendant's burden of proving that this Court lacked jurisdiction over Defendant. *See Redden v. Jenkins*, No. 15-cv-10819 (N.D. Ill. Sep. 27, 2017) (Dkt. No. 60) (unpublished).

However, out of an abundance of caution and to the extent that there is any ambiguity regarding personal jurisdiction, Plaintiff seeks limited jurisdictional discovery to test the veracity of and learn the factual basis for statements made in Defendant's Motions. *See Black & Decker, Inc. v. Shanghai Xing Te Hao Indus. Co.,* No. 02-cv-4615, 2003 U.S. Dist. LEXIS 10127, at *12 (N.D. Ill. 2003) (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) ("[C]ourts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous.")); *JT's Frames, Inc. v. Casares*, No. 16-cv-2504, at *6 (N.D. Ill. Feb. 12, 2018) (unpublished) (Dkt. No. 75) ("Generally, courts grant jurisdictional discovery if the plaintiff can show that the factual record is at least ambiguous or unclear on the jurisdiction issue."). For example, the Leng Declaration omits key facts such as the actions taken by Defendant in setting up the eBay storefront, the nature of products sold through Defendant's eBay store, how a search was performed to determine how many infringing items were sold, and Defendant's contacts with the United States outside of Illinois, which is relevant under Fed. R. Civ. P. 4(k)(2). *See HAMANN GmbH v. The Partnerships, et al.* No. 21-cv-3591 (N.D. Ill. Oct. 8, 2021). Without limited jurisdictional discovery, Plaintiff does not have access to this information.

2

As such, Plaintiff requests that this Court permit jurisdictional discovery of Defendant prior to Plaintiff responding to Defendant's Motions.

Dated this 7th day of December 2021.     Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Martin F. Trainor
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law
mtrainor@gbc.law

*Counsel for Plaintiff Volkswagen Group of America, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th day of December 2021, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/EC system will send a "Notice of E-Filing" to the attorneys of record in this case.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Martin F. Trainor
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law
mtrainor@gbc.law

*Counsel for Plaintiff Volkswagen Group of America, Inc.*