IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Volkswagen Group of America, Inc., <br><br> Plaintiff, <br><br> v. <br><br> The Partnerships and Unincorporated Associations Identified on Schedule "A", <br><br> Defendants. | Case No.: 1:21-cv-4705 <br><br> **Judge Robert W. Gettleman** <br><br> **Magistrate Judge Susan E. Cox** |

**RESPONSE TO MOTION
TO REQUIRE COMPLIANCE WITH LOCAL RULE 83.15**

COME NOW Defendant huge_source (hereinafter referred to as "Moving Defendant"), and in response to the Plaintiff's Motion to Require Compliance With Local Rule 83.15 [ECF 67], state as follows:

The purpose of Local Rule 83.15 is to ensure prompt service of papers. A nonresident attorney "shall appear before this Court only upon having designated as local counsel a member of the bar of this Court having an office within this District upon **whom service of papers may be made**." N.D. Ill. Local R. 83.15(a). The duty of the local counsel is to be "responsible for receiving service of notices, pleadings, and other documents and promptly notifying the nonresident attorney of their receipt and contents," and "[t]his rule does not require local counsel to handle any substantive aspects of the litigation." N.D. Ill. Local R. 83.15(c).

The purpose of Local Rule 83.15 for a nonresident attorney to designate a local counsel so that the nonresident attorney can promptly receive paper notice and documents is void. On

1

Sept. 27, 2021, Plaintiff has filed Motion for Electronic Service of Process Pursuant to F.R.C.P. 4(f)(3). [ECF 67] In that Motion, Plaintiff Counsel sought this Court's authorization to effectuate service of process by e-mail and electronic publication, and this Court granted Plaintiff's Motion. Because Xingyi Tao can be promptly notified of the service, and no paper materials were exchanged during the case, Local Rule 83.15 shall not apply to current situation.

Even if there are still minimum needs to service by paper, this Court is at discretion to choose not to strike Defendant huge_source's Motion, and the Court should allow Xingyi Tao to continue solely representing Defendant huge_source for two reasons. N.D. Ill. Local R. 83.15(a). First, after respectful investigation, Xingyi Tao was not or did not notice to be notified in writing that the designation must be made within 30 days according to Local Rule 83.15(b). Second, the owner of Defendant huge_source is a Chinese small business owner, whose financial condition was devastated. The burden of requiring the appearance of a local counsel significantly outweighs the benefits.

For the reason stated above, Plaintiff's Motion to Require Compliance shall be rejected.

DATED this 21st day of Jan., 2022.

                                        Respectfully submitted,

                                        /s/ Xingyi Tao
                                        Xingyi Tao
                                        Chongqing Qianyu Law Firm,
                                        Counsel for Moving Defendant
                                        Xixia Rd No. 18, Yubei Dist.
                                        Chongqing, China
                                        T: +86-18623196385
                                        xingyitao1@126.com

CERTIFICATE OF SERVICE

    This is to certify that on Jan. 21, 2021, a copy of the foregoing was filed via the Court's ECF filing system, thereby serving it upon all counsel of record.

                                              /s/ Xingyi Tao