IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VOLKSWAGEN GROUP OF AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21 C 4705 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| HUGE_SOURCE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Volkswagen Group of America, Inc. brought a complaint for infringement of its Audi trademark against a large number of defendants on September 2, 2021. On September 8, 2021, the court granted plaintiff's motion for a temporary restraining order and temporary injunction, as well as its motion for electronic service of process. Plaintiff served many of the defendants by email, using the email addresses registered with defendants' accounts with third parties such as eBay. Defendant huge_source ("defendant") was served in that manner on October 1, 2021, making a response to the complaint due by October 22, 2021. On October 21, 22021, attorney Xingyi Tao contacted plaintiff from China and on November 23, 2021, appeared for defendant, but did not answer or otherwise plead to the complaint. He stayed in contact with plaintiff's attorney, however, attempting to negotiate a settlement. On November 29, 2021, plaintiff electronically filed a motion for entry of default and default judgment against a large number of defendants including defendant huge_source. Notice of the motion was automatically sent to all attorneys of record. The motion indicated that none of the "defaulting" defendants had answered or otherwise pled to the complaint. It did not indicate that attorney Tao had appeared for defendant or that the parties had been engaged in settlement negotiations. Having confirmed

that none of the defaulting defendants had responded to the complaint, the court granted the motion and entered final judgment against the defaulting defendants, including defendant huge_source. The following day, November 30, 2021, defendant moved under Fed. R. Civ. P. 60(b) to vacate the default judgment [Doc. 53] and to dismiss for lack of personal jurisdiction [Doc 54]. Both motions are denied.

Federal Rule of Civil Procedure 55(c) provides that a district court may set aside an entry of default judgment "[f]or good cause shown," and may set aside a default judgment in accordance with Rule 60(b)." Fed. R. Civ. P. 55. To obtain relied from a default judgment under Fed. R. Civ. P. 60(b), the moving party must demonstrate; "1) good cause for the default; 2) quick action to correct it; and 3) a meritorious defense to the complaint." Young-Qian Sun. v. Bd. Of Trs. Of the Univ. of Ill., 473 F.3d 799, 809-10 (7th Cir. 2007). Whether or not to vacate a default is left to the sound discretion of the district court. Id.

Defendant argues that there is "good cause" for the default or, put another way, excusable neglect, because defendant had just finished settlement negotiations with plaintiff and there was a teleconference set for December 2, 2021. Defense counsel argues that he did not fail to answer or otherwise plead as a result of mere carelessness or negligence, but rather reasonably believed that there was still time left to defend on the merits. This, of course, does not explain why he never moved for an extension of time to respond, but in the motion he explains that he thought he could do so at the teleconference set for December 2.

Even if this amounts to good cause or excusable neglect, defendant does not have a meritorious defense to the complaint. Defendant argues that the court lacks personal jurisdiction over it because the only sale of an infringing product in Illinois was to plaintiff's investigator.

This court rejected the same argument in <u>Ouyeinc Ltd. v. Alucy</u>, 2021 WL 2633317 at * 2 (N.D. Ill. June 25, 2021), because the defendants in that case, like the instant defendant, directed their activities to Illinois. The court noted that the Seventh Circuit in <u>Curry v. Revolution Labs., LLC</u>, 949 F.3d 385, 392-93 (7th Cir. 2020), determined that personal jurisdiction was proper over a non-resident defendant operating through e-commerce store operators, including eBay stating at 399:

> We are satisfied that Revolution has formed sufficient minimum contacts with Illinois…Revolution sells its products only online through its website and third-party websites. Revolution's interactive website for the sale of its product requires the customer to select a shipping address. Illinois is among the "ship-to" options from which the customer must choose. Illinois residents purchasing Revolution's products also receive an email from Revolution thanking them for their business, confirming the order, and listing the Illinois shipping address.
>
> Revolution's own actions in establishing these commercial contacts with Illinois fairly can be described as purposeful. Preparing to engage in commercial activity, Revolution created an interactive website and explicitly provided that Illinois residents could purchase its products through that website. It further arranged for the sale of its products through third-party websites. After the sales…Revolution shipped [the product] to its customers who were in Illinois.

Courts within this district routinely follow <u>Curry</u> and exercise personal jurisdiction over international e-commerce store operators, specifically eBay storefronts. <u>See</u>, <u>for example</u>, <u>Tommy Hilfiger Licensing, LLC, v. eP'ships, et al</u>. No 20 C0 7477 (N.D. March 24, 2021) (Dkt. 46). Additionally, when a user such as defendant creates an eBay storefront, the user must select specific shipping locations where the seller wishes to ship its product. In the instant case, defendant specifically targeted Illinois as a location to ship its products, thereby specifically targeting Illinois residents. In fact, defendant has shipped 21 products to Illinois residents, including one of the counterfeit products. Consequently, the court concludes that it has personal

3

jurisdiction over defendant and defendant lacks a meritorious defense to the complaint. Defendant's motion to vacate the default is denied.

## **CONCLUSION**

For the reasons described above, defendant huge_source's motions to set aside default [Doc. 53] and to dismiss for lack of jurisdiction [Doc. 54] are denied. Plaintiff's motion to require compliance with Local Rule 83.15 [Doc. 67] and motion to strike section II of reply [Doc. 72] are denied as moot.

        **ENTER:**

        _____
        **Robert W. Gettleman**
        **United States District Judge**

**DATE:**     **February 9, 2022**