IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VOLKSWAGEN GROUP OF AMERICA, INC.,   )
   )
          Plaintiff,   )    Case No.  21 C 4705
   )
   v.   )
   )    Judge Robert W. Gettleman
HUGE_SOURCE,   )
   )
          Defendant.   )

## ORDER

Plaintiff Volkswagen Group of America, Inc. brought a complaint for infringement of its Audi trademark against a large number of defendants on September 2, 2021.   On September 8, 2021, the court granted plaintiff's motion for a temporary restraining order and temporary injunction, as well as its motion for electronic service of process.   Plaintiff served many of the defendants by email, using the email addresses registered with defendants' accounts with third parties such as eBay.   Defendant Huge_Source ("defendant") was served in that manner on October 1, 2021, making a response to the complaint due by October 22, 2021.   On November 29, 2021, the court entered default judgment against several defendants, including Huge_Source. Huge_Source moved to vacate the entry of default, arguing that there was both "good cause" for its neglect and a meritorious defense.   On February 9, 2022, the court denied Huge_Source's motion, concluding that it had failed to demonstrate good cause or excusable neglect for failing to answer the complaint or move for an extension of time to do despite having engaged in settlement negotiations, and that its asserted defense, lack of personal jurisdiction, was without merit.   [Doc. 74].

Huge_Source has now moved for reconsideration of that order.   That motion is denied.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit Agricole v. CBA Indus,, Inc., 90 F.3d 1264, 1269 (7th Cir. 1996). "[M]anifest error is not demonstrated by the disappointment of the losing party," and is no place for "rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir 2000); Ahmed v, Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004).

In the current motion, Huge_Source once again fails to demonstrate good cause for its neglect to timely respond to the complaint. Instead, it focuses on trying to establish a meritorious defense. This time Huge_Source tries to argue that it has a fair use defense to plaintiff's claims, arguing that its use of the word "for" in its description of its products means that it was simply indicating that its products were compatible with plaintiff's. As plaintiff points out, this is an entirely new argument that could have and should have been presented in the previous motion. Even if it had been presented previously, the defense has no merit, as Judge Chang held in Volkswagen AG, v. iman365-USA, 2020 WL 977969 at * 6 (N.D. Ill. Feb. 28, 2020):

> To the Defendant's way of thinking, the word "for" in the listing only meant to "describe the *compatibility* of the door light" with Audi products. *See* Def.'s Resp. Br. at 10 (emphasis added). If by "compatible" the Defendant means physically compatible and able to be affixed to an Audi Quattro, then that thinking makes little sense. Why would selling a laser light that is merely physically "compatible" with an Audi Quattro have to display the Audi trademark? Put another way, if a customer asked the Defendant, "Do you sell a laser light *for* the Audi Quattro?" and in response the Defendant offered the customer a light that displayed the Coca-Cola logo, the customer would be quite puzzled.

Consequently, the court again concludes that defendant Huge_Source has failed to demonstrate grounds to vacate the default judgment entered against it on November 29, 2021. Huge_Sources's motion to reconsider [Doc. 75] is denied.

ENTER:

**Robert W. Gettleman**
**United States District Judge**

**DATE:   May 2, 2022**

3